**UNITED STATES**

**v.**

**Technical Sergeant David J. HARMON, FR 504–74–1748, United States Air Force.**

**ACM 27638.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 18 Jan. 1989.

Decided 6 Oct. 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Bernard E. Doyle, Jr.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Major Terry M. Petrie and Captain David G. Nix.

Before HODGSON, SPILLMAN and PRATT, Appellate Military Judges.

**DECISION**

HODGSON, Chief Judge:

A record of trial that is not substantially verbatim will not support a sentence that includes a punitive discharge. Article 54, UCMJ, 10 U.S.C. § 854 R.C.M. 1103(f)(1); *United States v. Desciscio*, 22 M.J. 684 (A.F.C.M.R.1986). Missing unrecorded testimony can be reconstructed so as to make the record verbatim, but where the omission is substantial a presumption of prejudice arises and the burden is on the Government to rebut that presumption. *United States v. Desciscio, supra.*

In the appeal before us, a malfunctioning of the court reporter's equipment permitted the first hour and 15 minutes of the trial to go unrecorded[1]. This lapse was not discovered until two days after the trial. The missing portion consisted of the advice by the trial judge to the appellant of the right to counsel, composition of the court-martial, arraignment, advice regarding the guilty plea, discussion of the stipulation of fact and the elements of the offenses, the providency inquiry, an inquiry into the pretrial agreement, entry of the guilty findings, and an advisement on the right of allocution.

When the trial judge was told of the missing testimony, he dictated his recollection of the proceedings, and gave a copy to both counsel. Approximately a week later, he convened a post-trial Article 39(a) session in an attempt to reconstruct the missing portion. He went through the 36 page transcript of his recollection on a page-by-page basis, and sought input from the trial counsel, assistant trial counsel, defense counsel, accused, and the court reporter. *See United States v. Dornick,* 16 M.J. 642 (A.F.C.M.R.1983).

The trial defense counsel conceded that the chronological order of the proceeding was correctly reconstructed, but maintained that the record thus constituted was not verbatim because it was impossible to remember the accused's verbatim responses to various questions. On advice of counsel, the appellant declined to reaccomplish the missing portion of the transcript.

■ There can be no question that the omitted portion, consisting of the entire findings phase of the trial, was "substantial" both qualitatively and quantitatively. *See United States v. Lashley,* 14 M.J. 7 (C.M.A.1982). Accordingly, we must determine if the reconstructed portion is sub-stantially verbatim so as to overcome the presumption of prejudice.

Appellate government counsel argue that the reconstructed portion is "substantially verbatim" because it is essentially a "boilerplate" script taken from the Military Judge's Benchbook.[2] They point out that the appellant had pleaded guilty in accordance with a pretrial agreement[3] and had stipulated to the facts surrounding the offenses. Under these circumstances, the Government contends that the record was "substantially verbatim" and any potentially significant differences between the appellant's testimony in that portion of the trial unrecorded and the reconstruction was "dramatically diminished."

Although large portions of the missing transcript may indeed consist of "boilerplate" script, it includes critical matters pertaining to the accused's understanding of the proceedings against him and his informed agreement to such things as a stipulation of fact, a pretrial agreement and, ultimately, a guilty plea. For instance, we agree that the questions posed to an accused during a *Care* inquiry may be *pro forma,* but his answers are not. We regularly decide appeals where an accused argues that the trial judge should not have accepted his guilty plea because of matters raised during the judge's questioning. Here, the exact nature of the appellant's answers to questions concerning his guilt is unknown, and paraphrasing his responses in this important area will not suffice. There is much truth in the adage that the palest ink is better than the most retentive memory.

The main reason for a verbatim record is to ensure an accurate transcript for the purposes of appellate review, and the reconstruction of a substantial portion of testimony taken at trial, after the trial is completed, is not a "verbatim transcript of

---

1. The Military Justice Guide suggests that a "back up" method of reporting trial proceedings be used, and directs court-reporters to recheck their equipment during recesses to insure that it is working properly. *See* Air Force Regulation 111–1, *Military Justice Guide,* (30 September 1988), para. 9–2 and 9–6(h).

2. *See* Department of the Army Pamphlet 27–9 (May 1982), Chapter 2, pages 2–1 to 2–21.

3. The appellant entered a guilty plea to assaulting three South Korean nationals and damaging private property. The amount of the damage was approximately $370.00.

trial" for purposes of review. *United States v. Griffin*, 17 M.J. 698 (A.C.M.R. 1983); *United States v. Hensley*, 7 M.J. 740 (A.F.C.M.R.1979). Of course, where the omission is discovered during the trial, the testimony can be retrieved by the trial judge directing reiteration of the unrecorded testimony. *United States v. Garries*, 19 M.J. 845 (A.F.C.M.R.1985), *aff'd* 22 M.J. 288 (C.M.A.1986), *cert. denied* 479 U.S. 985, 107 S.Ct. 575, 93 L.Ed.2d 578 (1987); *United States v. English*, 50 C.M.R. 829 (A.F.C.M.R.1975); *United States v. Cuthbertson*, 46 C.M.R. 977 (A.C.M.R.1972). Such was not the case here.

We find no fault with the trial judge's attempt to retrieve the missing material. However, his best efforts could not overcome the situation he faced. The length of the reconstruction and the nature of the omitted testimony lead us to conclude that the record in its present state is not "substantially verbatim." Thus the trial court lacked jurisdiction to adjudge a punitive discharge. *United States v. Boxdale*, 47 C.M.R. 351 (C.M.A.1973); *United States v. Barney*, 23 M.J. 504 (A.F.C.M.R.1986); *United States v. Sturkey*, 23 M.J. 522 (A.F.C.M.R.1986).

Finally, we have examined the record of trial and have concluded that the findings of guilty are correct in law and fact and no error prejudicial to the appellant was committed except as noted above. Accordingly, we affirm only so such of the sentence as provides for 60 days confinement and reduction to airman basic. The findings of guilty and the sentence, as modified, are

AFFIRMED.

Judges SPILLMAN and PRATT concur.