UNITED STATES

v.

**Senior Airman Keith H. SNETHEN,
United States Air Force.**

**ACM 35695.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 27 Feb. 2003.

Decided 14 Nov. 2005.

Appellate Counsel for Appellant: Colonel Carlos L. McDade, Lieutenant Colonel Robin S. Wink, Major Terry L. McElyea, Major Andrew S. Williams, Major Andrea M. Gormel, and Major James M. Winner.

Appellate Counsel for the United States: Colonel LeEllen Coacher, Lieutenant Colonel Gary F. Spencer, Lieutenant Colonel Robert V. Combs, and Major John C. Johnson.

Before STONE, SMITH, and MATHEWS, Appellate Military Judges.

## OPINION OF THE COURT

SMITH, Judge:

The appellant was tried at Kunsan Air Base, Republic of Korea, by a military judge sitting as a general court-martial. Contrary to his pleas, the appellant was convicted of one specification of wrongfully possessing visual depictions of a minor engaging in sexually explicit conduct, in violation of Article 134, UCMJ, 10 U.S.C. § 934. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for 4 months, forfeiture of $1,000.00 pay per month for 4 months, and reduction to E–1.

On appeal, the appellant asserts that the record of trial is incomplete and the staff judge advocate incorrectly advised the convening authority regarding the completeness of the record. In light of our conclusion that the record is incomplete, we need not address the adequacy of the staff judge advocate's advice.

## Background

Upon his arrival in Korea for an assignment at Kunsan Air Base, the appellant noted on his customs declaration form that he had "Computer Disks w/ pornographic pictures" in his household goods. When his household goods were delivered, the appellant gave the attending customs inspector a computer disk. The disk was password protected, meaning a person trying to access files on the disk normally would need the password. The appellant's reluctance to disclose the correct password led to a month-long effort by the customs inspector to find out what was on the disk. When the appellant finally provided the correct password, the inspector opened files on the disk and viewed what he suspected was child pornography. Based on those images and other information, the appellant's dormitory room was searched and three computer hard drives along with other disks were seized.

At trial, the appellant's trial defense counsel moved to suppress the evidence obtained through the inspection and searches of the appellant's computer media. The military judge denied the motion and the appellant pled not guilty.

Unbeknownst to the trial participants, the court reporter's recording equipment stopped recording during the suppression motion. It appears that at least an hour of the proceedings went unrecorded. Lost were the trial defense counsel's cross-examination of an Air Force Office of Special Investigations (AFOSI) agent, the entire testimony of a second AFOSI agent, and arguments on the motion. The military judge's very detailed findings and conclusions on the motion were recorded.

The problem was not discovered until nearly two months after the court-martial adjourned. An Article 39(a), UCMJ, 10 U.S.C. § 839(a), session was convened at Osan Air Base, Republic of Korea, a month later in an effort to reconstruct the missing portion of the trial. The defense objected to the reconstruction effort, but participated in the proceeding. Using his trial notes, materials provided by both trial defense counsel, the court reporter's notes, and the transcription of the first AFOSI agent's testimony to the point of equipment malfunction, the military judge drafted a reconstruction of the missing witness testimony in a question and answer format. The military judge did not reconstruct the arguments of counsel because, he said, he had no notes of them and, in any event, he would have made notes only on matters raised beyond the substance of both counsels' written motion submissions. The two AFOSI agents were recalled as witnesses at the post-trial Article 39(a), UCMJ, session. The military judge then went through each question and answer, asking the individual witness and counsel for both parties if the reconstruction comported with what they remembered the testimony to have been during the trial.

## Discussion

The issue of whether the record of trial is incomplete is a question of law we review de novo. *United States v. Henry*, 53 M.J. 108, 110 (C.A.A.F.2000).

Article 54(a), UCMJ, 10 U.S.C. § 854(a), provides that "[e]ach general court-martial shall keep a separate record of the proceedings in each case brought before it, and the record shall be authenticated by the signature of the military judge." Our superior court has long interpreted Article 54(a), UCMJ, to require a transcript of general court-martial proceedings that is "substantially verbatim." *United States v. Lashley*, 14 M.J. 7, 8 (C.M.A.1982) (quoting *United States v. Gray*, 7 M.J. 296, 297 (C.M.A.1979)).

To determine whether a record is "substantially verbatim," we assess whether the omitted portion was " 'substantial,' either qualitatively or quantitatively." *Lashley*, 14 M.J. at 9. A substantial omission raises a presumption of prejudice that the government has the burden to rebut. *United States v. Harmon*, 29 M.J. 732 (A.F.C.M.R. 1989) (citing *United States v. Desciscio*, 22 M.J. 684 (A.F.C.M.R.1986)). At trial, the assistant trial counsel conceded the omission was both qualitatively and quantitatively substantial, an understandable concession given the state of the law. *See, e.g., United States v. Sneed*, 32 M.J. 537 (A.F.C.M.R.1990); *Harmon*, 29 M.J. at 732; *United States v. Garries*, 19 M.J. 845 (A.F.C.M.R.1985), *aff'd*,

22 M.J. 288 (C.M.A.1986); *United States v. Dornick,* 16 M.J. 642 (A.F.C.M.R.1983); *Lashley,* 14 M.J. at 9. We agree that the omission was substantial. The lengthy recording gap included testimony from two key witnesses on a motion to suppress virtually all of the evidence of the charged crime.

 The government contends any presumption of prejudice was rebutted by the post-trial reconstruction. At the conclusion of that post-trial session, the military judge added his "two-cents" for the record, including his conclusion that the government had not overcome the presumption of prejudice because the reconstructed transcript was not "substantially verbatim." The military judge went so far as to write on the authentication sheet that the record accurately reported the proceedings, "with the exceptions noted in our post trial Article 39(a) [UCMJ,] session, that is, I find the transcript, given the gap, does not constitute a substantially verbatim record." We agree with him. Despite his best efforts to reconstruct the record, the hurdles were too great. The appellant was prejudiced by a record that could not become "substantially verbatim" given the importance of the lost testimony and arguments, the lengthy duration of the unrecorded portion of the trial, and the length of time between the trial and reconstruction efforts.

*Remedy*

We do not find this to be a case where the omissions are so significant that the only remedy is a new trial. See *Lashley,* 14 M.J. at 9. Compare *Harmon,* 29 M.J. at 732 (punitive discharge not approved in a case where the first hour and 15 minutes of trial were unrecorded, including the providency inquiry and announcement of findings) with

*United States v. Boxdale,* 47 C.M.R. 351, 1973 WL 14729 (C.M.A.1973) (reversed and returned for rehearing consideration in a case where there was no transcript of five defense witnesses on a mistrial motion). The remaining issue is whether we should exercise our discretion to reassess the sentence to a level not exceeding that permissible in a trial reported by a nonverbatim transcript, or return the case for convening authority action consistent with Rule for Courts–Martial (R.C.M.) 1103(f). See, e.g., *United States v. Seal,* 38 M.J. 659, 663 (A.C.M.R.1993); *United States v. Martin,* 5 M.J. 657, 659 (N.C.M.R.1978).

We decline to exercise our discretion to reassess the sentence. Given the nature of the charge in this case, we believe the decision on how to proceed is best left to the convening authority.

*Conclusion*

The convening authority's action is set aside. The record is returned to The Judge Advocate General for resubmission to the convening authority, who may, in his or her discretion, approve a sentence that does not include a bad-conduct discharge and otherwise complies with the limitations of R.C.M. 1103(f)(1), or order a rehearing. Upon completion of the convening authority's subsequent action, the case shall be returned to this Court for further review. *United States v. Johnson,* 45 M.J. 88, 89 (C.A.A.F.1996).