# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Staff Sergeant DANIEL W. HILL
United States Air Force

## ACM 38648

## 29 July 2015

Sentence adjudged 10 June 2014 by GCM convened at Eglin Air Force Base, Florida. Military Judge: Ira Perkins (sitting alone).

Approved Sentence: Dishonorable discharge, confinement for 15 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Johnathan D. Legg.

Appellate Counsel for the United States: Major Roberto Ramirez and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, MITCHELL

Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MITCHELL, Senior Judge:

A military judge at a general court-martial convicted the appellant, pursuant to his plea, of one specification of possessing child pornography in violation of Article 134, UCMJ, 10 U.S.C. § 934. A specification of distribution of child pornography was withdrawn and dismissed pursuant to a pretrial agreement. The adjudged and approved sentence consisted of a dishonorable discharge, 15 months confinement, reduction to E-1, and forfeiture of all pay and allowances.

The appellant raises one issue on appeal, that the military judge erred when he determined the maximum sentence. We disagree. After also addressing the effect of our inability to review all the images included with the stipulation of fact, we affirm the findings and sentence.

*Background*

In November 2012, a Pensacola Police Department detective was monitoring a peer-to-peer file sharing network and downloaded three files containing child pornography from an Internet protocol address later identified as belonging to the appellant. Pursuant to a search warrant, law enforcement agents seized the appellant's computer in March 2013.

A forensic examination determined the appellant searched the Internet using terms associated with child pornography. One image of child pornography was located in the recycle bin folder on his computer where the appellant was still able to access it. Additionally, investigators found evidence that the 3 files downloaded by the detective had been on the appellant's computer at some point, as had 16 additional files of child pornography. Under rights advisement, the appellant admitted to law enforcement that he found child pornography interesting and he had downloaded and viewed child pornography to include images of children who were one to two years old.

The appellant entered into a pretrial agreement in which he "waived all waivable motions" and offered to plead guilty to one specification of possessing child pornography between on or about 1 June 2012 and 21 March 2013. The convening authority agreed to withdraw and dismiss with prejudice a specification of distributing child pornography and limited confinement to no more than 36 months.

*Maximum Sentence*

The government argues that the appellant's "waive all waivable motions" provision in his pretrial agreement forecloses our review of the maximum sentence. We also consider whether the appellant expressly waived this issue during the military judge's inquiry about the maximum authorized sentence.

The military judge inquired as to the maximum authorized punishment and the following discussion ensued:

> [Trial Counsel]: Your Honor, the maximum punishment is a dishonorable discharge, total forfeitures, 10 years confinement, reduction to E-1 and a fine.
>
> [Military Judge]: Defense Counsel, do you agree?

[Defense Counsel]: Yes, Your Honor I agree. As you are aware Sergeant Hill pled guilty to this specification as possession of actual minors; and so I agree with the maximum punishment as detailed by [trial counsel].

[Military Judge]: Staff Sergeant Hill, the maximum punishment in this case based solely on your guilty plea is, in fact, a dishonorable discharge, total forfeitures, 10 years confinement, and reduction to E-1. On your plea of guilty alone this court could sentence you to the maximum punishment which I just stated. Do you understand that?

[Appellant]: Yes, sir

[Military Judge]: Do you have any questions as to the sentence that could be imposed as a result of your guilty plea?

[Appellant]: No, sir.

The issue of whether a specification fails to state an offense is nonwaivable. Rule for Courts-Martial (R.C.M.) 907(b)(1)(B*). An appellant may only be convicted of a charged offense. *United States v. Miller*, 67 M.J. 385, 388 (C.A.A.F. 2009). The authorized maximum punishment at a court-martial is determined on the basis of the language of the specification. *See United States v. Hemingway*, 36 M.J. 349, 352 (C.M.A. 1993). We determine de novo the maximum punishment authorized for an offense. *United States v. Beaty*, 70 M.J. 39, 41 (C.A.A.F. 2011). Because the issue of the maximum sentence is inextricably intertwined with whether an offense, or which offense, is stated in a specification, we determine that the issue of a maximum authorized sentence determination is nonwaivable.

Our superior court examined the issue of the maximum punishment in a child pornography offense prior to the *Manual for Courts-Martial* (*MCM*)*, United States* (2012 ed.), amendments. A specification that alleged an appellant "wrongfully and knowingly possess[ed] one or more visual depictions of what appears to be a minor engaging in sexually explicit conduct" was not directly analogous to federal criminal statutes. *Beaty*, 70 M.J. at 40. At that time, because the offense was not otherwise listed in the *MCM* and was not included in or closely related to any other offense in Part IV of the *MCM*, the specification established only a simple disorder with a maximum sentence of 4 months confinement and forfeiture of two-thirds pay per month for 4 months. *Id.* at 45. *Beaty* was decided on 26 April 2011 and the offense in that court-martial occurred in 2008.

The President issued Executive Order 13593 on 13 December 2011 with its amendments taking effect 30 days later. Part IV of the *MCM* was amended to add Paragraph 68b (Child Pornography) as a listed offense under Article 134, UCMJ, for conduct occurring on or after 12 January 2012. *See MCM*, A23-22. The elements of the offense of possessing child pornography are (1) that the accused knowingly and wrongfully possessed child pornography and (2) that under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit to the armed forces. *See MCM,* Part IV, ¶ 68b.b.(1).

The text includes the following definitions or "explanations":

> (1) "Child Pornography" means material that contains either an obscene visual depiction of a minor engaging in sexually explicit conduct or a visual depiction of an actual minor engaging in sexually explicit conduct.

> (2) An accused may not be convicted of possessing, receiving, viewing, distributing, or producing child pornography if he was not aware that the images were of minors, *or what appeared to be minors*, engaged in sexually explicit conduct. Awareness may be inferred from circumstantial evidence such as the name of a computer file or folder, the name of the host website from which a visual depiction was viewed or received, search terms used, and the number of images possessed.

*Id.* at ¶ 68b.c.(1) and (2) (emphasis added.)

The model specification for a Paragraph 68b child pornography offense is as follows:

> In that_____ (personal jurisdiction data), did (at/on board-location), on or about 20____ knowingly and wrongfully (possess) (receive) (view) (distribute) (produce) child pornography, to wit: a (photograph) (picture) (film) (video) (digital image) (computer image) of a minor, *or what appears to be a minor*, engaging in sexually explicit conduct (, with intent to distribute the said child pornography), and that said conduct was (to the prejudice of good order and discipline in the armed forces) (or) (and was) (of a nature to bring discredit upon the armed forces).

*Id.* at ¶ 68b.f  (emphasis added.)

The appellant argues that these references to "what appears to be a minor" are not sufficient to establish the offense in Part IV of the *MCM*.  We disagree.  The offense of child pornography as listed in Part IV includes both images of minors and what appear to be minors engaged in sexually explicit conduct.  *See United States v. Finch*, 73 M.J. 144, 153 (C.A.A.F. 2014) (noting this provision of the *MCM* now covers both categories of images and both are treated the same for punishment purposes).  Part IV of the *MCM* establishes the maximum authorized punishments for each offense; in this case a dishonorable discharge, forfeiture of all pay and allowances, and confinement for 10 years.  We find no error in the military judge using the maximum sentence set forth in Part IV for this listed offense.

*Defective Prosecution Exhibit*

We review a military judge's decision to accept a guilty plea for an abuse of discretion and review questions of law arising from the guilty plea de novo. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).  "In doing so, we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea."  *Id.*; *see also United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991) (stating that a plea of guilty should not be overturned as improvident unless the record reveals a substantial basis in law or fact to question the plea).  The military judge may consider both the stipulation of fact and his inquiry with the appellant when determining if the guilty plea is provident.  *United States v. Hines*, 73 M.J. 119, 124 (C.A.A.F. 2014).

When conducting our review pursuant to Article 66, UCMJ, 10 U.S.C. §866, we were able to view 19 of the 20 electronic images referenced in the stipulation of fact.[1]  The 19 images do not raise any substantial basis in law or fact to question the appellant's plea to possessing child pornography.  There is no indication in the record of trial that, at the time of the court-martial, either counsel or the military judge were unable to open the one file we cannot view on appeal, file $RBXZLN8.avi.  The military judge did not say that the one image was not child pornography or that it caused him to question the plea. *Cf. United States v. Blouin*, __ M.J. __ (C.A.A.F. 2015) (holding a military judge's finding that only 9 of 12 admitted images met the definition of child pornography after appellant entered plea to all 12 images created a substantial basis to question the providence of the guilty plea).  In light of our review of the nineteen other images, we

---

[1] The appellant has not challenged the providence of his plea.  In a footnote to his assignment of errors, the appellant's counsel states he was unable to view seven files and that, of the thirteen files viewed, three do not constitute child pornography; however, the appellate defense counsel did not find a substantial basis to question the plea.  We did not order additional briefs on this issue.

conclude that the one corrupted, or otherwise unviewable, file does not raise any substantial basis in law or fact to question the appellant's guilty plea.

A substantial omission from the record of trial renders it incomplete.[2] *See United States v. Donati*, 34 C.M.R. 15 (C.M.A. 1963). "Whether an omission from a record of trial is 'substantial' is a question of law which we review de novo." *United States v. Stoffer*, 53 M.J. 26, 27 (C.A.A.F. 2000). A record of trial may be complete and verbatim if the omissions are insubstantial. *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000) (finding the record was complete even though five prosecution exhibits were omitted from the record because the omission was not substantial as the rest of the record of trial incorporated the information contained therein); *United States v. Barnes*, 12 M.J. 614, 625 (N.M.C.M.R. 1981) (finding omission of questionnaires completed by members prior to voir dire from the record did not make record incomplete as omission was insubstantial), *aff'd on other grounds*, 15 M.J. 121 (C.M.A. 1983). *Cf. United States v. McCullah*, 11 M.J. 234, 237 (C.M.A. 1981) (finding prosecution exhibit that was prima facie evidence omitted from record was substantial omission and left the record incomplete); *United States v. Abrams*, 50 M.J. 361, 364 (C.A.A.F. 1999) (finding failure to attach personnel records of witness to record, which trial judge reviewed, but did not release to the defense, was substantial). We analyze whether an omission is substantial on a case-by-case basis. *Id.* at 363. The omission of rulings or evidence which affect an appellant's rights at trial render appellate review impossible and are substantial omissions. *Id.*; *see also United States v. Gray*, 7 M.J. 296, 298 (C.M.A. 1979) (finding omission of sidebar conference involving a ruling by the trial judge that affected the appellant's rights was substantial).

"[A] substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the government must rebut." *United States v. Harrow*, 62 M.J. 649, 654 (A.F. Ct. Crim. App. 2006). The government may rebut the presumption by reconstituting the omitted portion of the record. *United States v. Harmon*, 29 M.J. 732, 732 (A.F.C.M.R. 1989). "The main reason for a verbatim record is to ensure an accurate transcript for the purposes of appellate review." *Id.* at 733.

In this case, based on all the other evidence in the record, to include the appellant's statements during the providence inquiry and the stipulation of fact, we determine that our inability to open and view 1 of the 20 files of child pornography does not create a substantial omission. The appellant admitted he learned certain Internet search terms were associated with child pornography; and he then intentionally used these terms to find child pornography videos. He admitted that he downloaded videos of minors engaging in sexually explicit acts to his laptop computer. He admitted the minors were actual children, as young as one to two years old, who were subject to sexual abuse to include intercourse, sodomy, and masturbation. In this guilty plea, military judge

---

[2] The appellant has not raised the issue of whether the record of trial is substantially complete.

alone case with a pretrial agreement that required the appellant to enter into a stipulation of fact, the government decided to reference and include as attachments the 20 videos of child pornography. If the government had instead decided not to attach the files to the stipulation of fact, the appellant's plea would still have been provident in their absence. Based on the detailed information provided during his plea, the additional information in the stipulation of fact, and that we can view 19 of the 20 images, we determine that the failure of the government to include one image in a viewable format is not a substantial omission.

*Conclusion*

The approved findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court