**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Senior Airman RAPHAEL P. DIPIPPO**
**United States Air Force**

**ACM S32299**

**26 February 2016**

Sentence adjudged 21 January 2015 by SPCM convened at Hanscom Air Force Base, Massachusetts. Military Judge: Joshua E. Kastenberg

Approved Sentence: Bad-conduct discharge, confinement for 6 months, forfeiture of $700 pay per month for 6 months, and reduction to E-2.

Appellate Counsel for Appellant: Major Thomas A. Smith.

Appellate Counsel for the United States: Captain Tyler B. Musselman and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and MAYBERRY
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MITCHELL, Senior Judge:

Before a special court-martial composed of officer members, Appellant pled guilty to one specification of assault with intention to inflict grievous bodily harm in violation of Article 128, UCMJ, 10 U.S.C. § 928. The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for 6 months, forfeiture of $700 pay per month for 6 months, and reduction to E-2.

We address an issue regarding the failure to seal the victim's medical records and an issue regarding whether the record of trial is complete when it omits a surveillance video attached to the stipulation of fact.

*Background*

Appellant was a reservist on active duty orders at the time of the offense. He was working with Mr. ZZ repairing air conditioning units. Appellant and Mr. ZZ had a verbal disagreement. Mr. ZZ was squatting on the ground cleaning up the workplace when Appellant kicked him in the lower back. Appellant then continued to kick and punch him. Mr. DD, who was nearby, intervened and pulled Appellant off the victim. The victim tried to escape by running to a pickup truck and entering it. Appellant broke free from Mr. DD, chased after the victim, and continued to punch at the victim through the open window of the pickup truck. Mr. DD again pulled Appellant off the victim. Mr. ZZ was later treated at the hospital for a partially collapsed lung, fractured ribs, and multiple abrasions and contusions on his torso and arms.

Prosecution Exhibit 1, the stipulation of fact, included as attachments photographs of the injuries, 29 pages of medical records of the victim, and a video of the incident. The video was not included with the record of trial.

Additional facts necessary to resolve the issues presented are provided below.

*Sealing the Victim's Medical Records*

Appellant pled guilty pursuant to a pretrial agreement that required him to enter into a reasonable stipulation of fact. The stipulation contained a description of the victim's injuries and had photographs of the injuries as attachments. The stipulation also had 29 pages of the victim's medical records as an attachment.

We order pages 10 through 38 (the medical records of the victim) of Prosecution Exhibit 1 to be sealed. We further order the Government to remove these pages from all other copies of the record of trial, as required by Air Force Manual 51-203, *Records of Trial*, ¶ 6.3.4 (17 November 2009).

We remind trial counsel and their supervisors that victims have the "right to be treated with fairness and with respect for [their] dignity and privacy." Article 6b(a)(4), UCMJ, 10 U.S.C. § 806b(a)(4); Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 7.11.8 (6 June 2013) (as modified by Air Force Guidance Memorandum 2014-01 (25 September 2014). The record is silent as to whether the victim in this case was informed that his medical records were to be used as attachments to a stipulation of fact. Although admissible, we recommend trial counsel and staff judge advocates weigh the probative value of the exhibits against the privacy interests of the victims. Pursuant to

the pretrial agreement, Appellant was required to enter into a reasonable stipulation of fact. If the four paragraphs which described the injuries and impact where not sufficient, then perhaps an additional page of facts could capture the nature of the injuries and resulting complications without further intruding into the privacy rights of the victim. Furthermore, we encourage military trial judges to use their authority under Mil. R. Evid. 403 to exclude evidence, even when attached to a stipulation of fact, and to seal exhibits pursuant to Rule for Courts-Martial 1103A.

*Missing Video and Victim Impact Statement*

The original record of trial presented for our review was missing two items. First, the staff judge advocate's recommendation listed the victim impact statement as an attachment. It was missing. Second, the stipulation of fact stated that a surveillance video of the assault was included as an attachment. At the court-martial, about one minute of the surveillance video was played for the members. The video did not contain any audio. The video was not provided to the members to review during deliberations; instead, they were instructed that they could review the video in open court if they requested to see it again. The DVD containing this video was also missing.

The issues of whether a record of trial is complete and a transcript is verbatim are questions of law that we review de novo. *United States v. Davenport*, 73 M.J. 373, 376 (C.A.A.F. 2014). "The main reason for a verbatim record is to ensure an accurate transcript for purposes of appellate review . . . ." *United States v. Harmon*, 29 M.J. 732, 733–34 (A.F.C.M.R. 1989). The lack of a verbatim transcript and an incomplete record are two separate and distinct errors. *United States v. Gaskins*, 72 M.J. 225, 230 (C.A.A.F. 2013). We first address the issue of whether the transcript is verbatim; it is. The missing document and DVD solely raise the separate issue of whether the record is complete.

A record of trial that is missing exhibits may be substantially incomplete. *See United States v. Stoffer*, 53 M.J. 26, 27 (C.A.A.F. 2000) (holding that the record was substantially incomplete for sentencing when all three defense sentencing exhibits were missing). However, "insubstantial" omissions from a record of trial do not render the record incomplete. *See United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000) (holding that four missing prosecution exhibits were insubstantial omissions when other exhibits of similar sexually explicit material were included). "Insubstantial omissions from a record of trial do not raise a presumption of prejudice or affect that record's characterization as a complete one." *Id.* The threshold question is whether the missing exhibits are substantial, either qualitatively or quantitatively. *Davenport*, 73 M.J. at 377. Omissions may be quantitatively insubstantial when, in light of the entire record, the omission is "so unimportant and so uninfluential . . . that it approaches nothingness." *Id.* (citing *United States v. Nelson*, 13 C.M.R. 38, 43 (C.M.A. 1953)).

"[A] substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the government must rebut." *United States v. Harrow*, 62 M.J. 649, 654 (A.F. Ct. Crim. App. 2006), *aff'd*, 65 M.J. 190 (C.A.A.F. 2007). The government may rebut the presumption by reconstituting the omitted portion of the record. *See id.* at 654–55.

The Government moved this court to admit an affidavit from the chief of military justice and the victim impact statement. We granted the motion. The Government has reconstituted this portion of the record.

The Government also moved this court to admit an affidavit from the trial counsel in this court-martial. We granted the motion. The trial counsel stated that the record of trial maintained by the base legal office was also missing the DVD attachment to the stipulation of fact. However, she viewed the DVD attached to the first endorsement and contained in the record of trial within the pretrial allied papers. She identified that this was the same video introduced into evidence and played for the members in open court. The original record of trial also contains a DVD attached to the first endorsement. The DVD is not labelled. "Labels are essential to the accessibility of electronic media. Each document in electronic form must be identified sufficiently to enable authorized personnel to retrieve, protect, and carry out its disposition." Air Force Manual 33-363, *Management of Records*, ¶ 2.4.3.3 (1 March 2008). We have viewed the DVD, and it contains the surveillance video. Based on the affidavit, the Government has reconstituted this portion of the record of trial.

The record of trial is now complete. We are able to conduct a thorough and detailed appellate review of this case and have done so.

We take this moment to again remind staff judge advocates and the members of their legal offices to ensure accurate records of trial are docketed with this court.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court