# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

**Misc. Dkt. No. 2016-15 (f rev)**

_____

**Ryne M. SEETO**
Captain (O-3), U.S. Air Force, *Petitioner*

v.

**Lee K. LEVY II**
Lieutenant General (O-9), U.S. Air Force,

and

**Andrew KALAVANOS**
Lieutenant Colonel (O-5), U.S. Air Force,
*Respondents*

_____

Review of Petition for Extraordinary Relief in the Nature of
a Writ of Habeas Corpus

Decided 21 March 2017

_____

*Military Judge:* Andrew Kalavanos.

*Approved sentence:* Dismissal and confinement for 10 months. Sentence adjudged 24 July 2016 by GCM convened at Robbins Air Force Base, Georgia.

*For Appellant:* Captain Annie W. Morgan, USAF; Michael J. Millios, Esquire.

*For Appellee:* Major Jeremy D. Gehman, USAF; Gerald R. Bruce, Esquire.

Before DUBRISKE, HARDING, and C. BROWN, *Appellate Military Judges.*

Senior Judge DUBRISKE delivered the opinion of the Court, in which Judge HARDING and Judge C. BROWN joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

DUBRISKE, Senior Judge:

Petitioner previously filed a petition for a writ of habeas corpus and a writ of mandamus surrounding his post-trial confinement after being sentenced by a general court-martial. Petitioner requested this court order his release from confinement as it is likely his record of trial is non-verbatim and, therefore, subject to sentence limitations imposed by Rule for Courts-Martial (R.C.M.) 1103(f). Alternatively, Petitioner requested this court, through a writ of mandamus, order the general court-martial convening authority to defer Petitioner's remaining confinement until a determination can be made as to whether the record of trial is non-verbatim.

We initially concluded that Petitioner was entitled to partial relief on his writ of mandamus. *Seeto v. Levy*, Misc. Dkt. No. 2016-15, 2017 CCA LEXIS 136 (A.F. Ct. Crim. App. 22 Feb. 2017) (unpub. op.). We vacated the general court-martial convening authority's denial of Petitioner's deferment of confinement request and directed it be reaccomplished in accordance with Article 57a, Uniform Code of Military Justice (UCMJ), and R.C.M. 1101(c)(3). As the Government has since complied with our order, the case is now before us for further review to address the petition for a writ of habeas corpus. We decline to grant Petitioner his requested relief.

## I. BACKGROUND

Petitioner was charged at a general court-martial with attempted rape, aggravated sexual contact, assault, conduct unbecoming an officer, and indecent conduct in violation of Articles 80, 120, 128, 133 and 134, UCMJ, 10 U.S.C. §§ 880, 920, 928, 933, 934. Petitioner pleaded guilty to the conduct unbecoming an officer offense by exceptions and substitutions. He pleaded not guilty to the remaining offenses.

A panel of officer members convicted Petitioner of the conduct unbecoming an officer specification as originally charged by the Government, as well as the specification alleging Petitioner engaged in indecent conduct. Petitioner was sentenced to a dismissal and 10 months of confinement.

On the last day of trial, the court reporter discovered she was missing one day of the audio recording from an earlier motions hearing. After attempts to recover the audio were unsuccessful, the Government attempted to recreate the missing portions of the record of trial during a post-trial Article 39a,

UCMJ, 10 U.S.C. § 839a, hearing. At the conclusion of the hearing, the military judge opined he would be certifying the record of trial as non-verbatim.

Petitioner requested the general court-martial convening authority defer his confinement until action because of the likelihood that the record of trial would be found non-verbatim. The convening authority denied this request.

In its response to this court's order to show cause, the Government submitted various documents in support of its argument that Petitioner's record of trial is substantially verbatim. The response also noted both the military judge and Petitioner's counsel acknowledged that the military judge's opinion on whether the record was verbatim was not binding on the convening authority.

## II. JURISDICTION

As noted in our previous opinion, we find the writ of habeas corpus submitted in this case is "in aid of" our jurisdiction under the All Writs Act given Petitioner's adjudged sentence is within this court's jurisdictional mandate under Article 66, UCMJ. *See Howell v. United States*, 75 M.J. 386, 390 n.4 (C.A.A.F. 2016).

## III. DISCUSSION

The Supreme Court has held that three conditions must be met before a court provides extraordinary relief: (1) the party seeking the relief must show that the "right to issuance of the relief is clear and indisputable"; (2) the party seeking the writ must have "no other adequate means to attain the relief"; and (3) "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citations and internal quotation marks omitted).

The writ of habeas corpus is the fundamental instrument for safeguarding individual freedom against arbitrary and lawless state action as it applies to illegal detention or confinement. *Harris v. Nelson*, 394 U.S. 286, 290-91 (1969). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Waller v. Swift*, 30 M.J. 139, 142 (C.M.A. 1990). The assessment of a petitioner's writ is not of whether the petitioner has presented a meritorious case as to why he should be released, but rather whether his confinement is illegal. *Clark v. United States*, 74 M.J. 826, 827 (N-M Ct. Crim. App. 2015).

We find Petitioner has failed to demonstrate that his post-trial confinement is illegal. Article 54(c)(1), UCMJ, requires a "complete record of the proceedings and testimony" to be produced in every general court-martial in which the sentence adjudged includes a dismissal. However, our superior court has held that the record need not be literally verbatim, that is, a word-for-word account of the proceedings, but rather just substantially verbatim. *United States v. Davenport*, 73 M.J. 373, 377 (C.A.A.F. 2014).

In assessing whether a record is verbatim, the threshold question is "whether the omitted material was 'substantial,' either qualitatively or quantitatively." *United States v. Lashley*, 14 M.J. 7, 9 (C.M.A. 1982). A substantial omission from the record of trial renders it incomplete; conversely, an insubstantial omission does not render a record of trial incomplete. *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000). "[O]missions are qualitatively substantial if the substance of the omitted material 'related directly to the sufficiency of the Government's evidence on the merits' and 'the testimony could not ordinarily have been recalled with any degree of fidelity.'" *Davenport*, 73 M.J. at 377 (quoting *Lashley*, 14 M.J. at 9). "Omissions are quantitatively substantial unless 'the totality of omissions . . . becomes so unimportant and so uninfluential when viewed in the light of the whole record, that it approaches nothingness.'" *Id.* (quoting *United States v. Nelson*, 13 C.M.R. 38, 43 (C.M.A. 1953)).

Failure to produce a complete record "does not necessarily require reversal. Rather, an incomplete or non-verbatim record . . . raises a presumption of prejudice which the Government may rebut." *United States v. Abrams*, 50 M.J. 361, 363 (C.A.A.F. 1999) (quoting *Manual for Courts-Martial, United States*, app. 21 at A21-77 (1998 ed.)). If the omission is substantial, thereby raising a presumption of prejudice, the Government may rebut the presumption by reconstructing the missing material. *See United States v. Garries*, 19 M.J. 845, 852 (A.F.C.M.R. 1985) (holding that the government rebutted the presumption of prejudice through reconstructed testimony), *aff'd*, 22 M.J. 288 (C.M.A. 1986); *but see United States v. Snethen*, 62 M.J. 579, 581 (A.F. Ct. Crim. App. 2005) (holding the reconstruction of the missing witness testimony was insufficient to overcome the presumption of prejudice, because of the importance of the lost testimony and arguments, the lengthy duration of the unrecorded portion of the proceedings, and the length of time between trial and reconstruction).

Here, as acknowledged by the parties, the Government has attempted to reconstruct the missing testimony and arguments by counsel. Based on the information submitted by the Government in their response to this court's show cause order, we are not convinced that Petitioner has established his "right to issuance of the relief is clear and indisputable." *See Cheney*, 542 U.S. at 380–81. Moreover, the convening authority retains the option of directing a

rehearing with regard to Petitioner's offenses, including the offense to which he pleaded guilty, subjecting Petitioner to a term of confinement equal to that adjudged at his initial trial that he is currently serving. Based on these circumstances, we cannot say Petitioner's current confinement is illegal. *See Littles v. Lynch*, Army Misc. 9901059, 1999 CCA LEXIS 388, at *17 (A. Ct. Crim. App. 21 Dec. 1999) (Carter, J., dissenting) (unpub. op.) (rejecting petitioner's claim that a non-verbatim record of trial terminates by operation of law a confinement sentence after six months).

## IV. CONCLUSION

Accordingly, the petition for extraordinary relief in the nature of a writ of habeas corpus is **DENIED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court