# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class JASON A. CLOSE**
**United States Army, Appellant**

ARMY 20140984

Headquarters, U.S. Army Fires Center of Excellence and Fort Sill
Jeffery R. Nance, Military Judge (arraignment and motions hearing)
Jeffrey W. Hart, Military Judge (trial)
Colonel Mark W. Seitseinger, Staff Judge Advocate (pretrial)
Colonel David E. Mendelson, Staff Judge Advocate (post-trial)

For Appellant: Major Andres Vazquez, Jr., JA; Captain Michael A. Gold, JA (on brief); Lieutenant Colonel Melissa R. Covolesky, JA; Captain Katherine L. DePaul, JA; Captain Michael A. Gold, JA (on reply brief); Captain Katherine L. DePaul, JA; Captain Michael A. Gold, JA (on supplemental brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie, III, JA; Major Anne C. Hsieh, JA; Major Steve T. Nam, JA (on brief).

22 March 2017

--------------------------------
SUMMARY DISPOSITION
--------------------------------

PENLAND, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of possessing child pornography, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2012) [hereinafter UCMJ].[1] The military judge sentenced appellant to a dishonorable discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved only so much of the adjudged sentence as provided for a dishonorable discharge, confinement for twenty-three months, total forfeitures, and reduction to the grade of E-1.

---

[1] Appellant was acquitted of rape and forcible sodomy of a child under the age of twelve and two specifications of indecent acts with a child.

CLOSE—ARMY 20140984

This case is before us pursuant to Article 66, UCMJ. Appellant assigned two errors, one of which merits discussion but not relief. Additionally, we have reviewed both sets of appellant's matters personally asserted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they lack merit.

**BACKGROUND**

Appellant's court-martial concluded on 9 December 2014 and the transcript was completed on 29 January 2015. Appellant's military defense counsel, CPT JK, submitted three pages of corrections on the errata sheet he signed. These corrections did not include any corrections between pages 250 and 448.

Defense appellate counsel filed with this court a motion to attach an affidavit signed by CPT JK on 12 July 2016 which alleged:

> 1. The transcript included in the appellate record for PFC Close's appeal is incomplete.[2]
>
> 2. On page 324, line 4 of the transcript, the record states: "[The civilian defense counsel played Defense Exhibit A.][sic]." This statement does not accurately reflect the statements that were made during court-martial.
>
> 3. During the playing of Defense Exhibit A, the Civilian Defense Counsel (CDC) engaged in a detailed colloquy with the witness[3] about her statements and actions displayed on Exhibit A. This colloquy between the CDC and the witness is not included in the appellate record.

We ordered the government to obtain affidavits on this issue. The government moved this court to attach the court reporter's recent transcription of the nine pages of the omitted portion of the court-martial transcript.[4] The government has also filed motions to attach affidavits from the court reporter, the military judge,

---

[2] Captain JK's first affidavit does not explain why he did not raise this issue during the errata process.

[3] The witness referred to by CPT JK is WA, the victim of the rape and forcible sodomy of a child under the age of twelve and indecent acts with a child specifications of which appellant was acquitted.

[4] We required the government to obtain confirmation from trial counsel, civilian defense counsel, and CPT JK that the newly-provided transcript is an accurate record of the proceedings.

and a second affidavit from CPT JK. These affidavits confirm CPT JK's observation that the transcript was incomplete and conclude that the nine pages transcribed by the court-reporter are an accurate transcription. We granted these motions and are now able to address this assigned error.

## LAW AND ANALYSIS

Whether a transcript is complete and verbatim is a question of law we review *de novo*. *United States v. Henry*, 53 M.J. 108, 110 (C.A.A.F. 2000))("The requirement that a record of trial be complete and substantially verbatim in order to uphold the validity of a verbatim record sentence is one of jurisdictional proportion that cannot be waived."). According to Rule for Courts-Martial [hereinafter R.C.M.] 1103(b)(2):

> (B) . . . [T]he record of trial shall include a verbatim transcript of all sessions except sessions closed for deliberations and voting when: (i) The sentence adjudged includes confinement for twelve months or more or any punishment that may not be adjudged by a special court-martial; or (ii) A bad-conduct discharge has been adjudged.
>
> . . .
>
> (D) . . . In addition to the matter required under subsection (b)(2)(B) or (b)(2)(C) of this rule, a complete record shall include: (i) The original charge sheet or a duplicate; (ii) A copy of the convening order and any amending order(s); (iii) The request, if any, for trial by military judge alone, or that the membership of the court-martial include enlisted persons, and, when applicable, any statement by the convening authority required under R.C.M. 201(f)(2)(B)(ii) or 503(a)(2); (iv) The original dated, signed action by the convening authority; and (v) Exhibits, or, with the permission of the military judge, copies, photographs, or descriptions of any exhibits which were received in evidence and any appellate exhibits.[5]

When our superior court addressed this issue in *United States v. Davenport*, it noted, although a nonverbatim transcript and an incomplete record are separate and distinct errors under the R.C.M., the distinction had been blurred by dicta in previous cases. 73 M.J. 373, 376 (C.A.A.F. 2014) (citing *United States v. Gaskins*,

---

[5] *See also* UCMJ art. 54(c)(1).

72 M.J. 225, 230 (C.A.A.F. 2013)).  In *Davenport*, the transcript was missing all of the testimony of a key government witness and the court reporter was unable to recreate the transcript by the time the omission was discovered on appeal.  *Id*. at 375.  Our superior court held that the transcript was nonverbatim because it could not be determined that the omitted witness's testimony related only to offenses of which Davenport was acquitted.  *Id*. at 378.

In appellant's case, a verbatim transcript is clearly required based upon appellant's sentence.  We are confident that the transcript is now verbatim and complete given the addition of the omitted portion of the transcript.

## CONCLUSION

The findings of guilty and sentence are AFFIRMED.

Senior Judge CAMPANELLA and Judge HERRING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court