# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 40274**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Ian M. WILSON**
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 16 August 2023

———————————

*Military Judge*: Bryon T. Gleisner (pretrial motion);[1] Brett A. Landry.

*Sentence*: Sentence adjudged 1 February 2022 by GCM convened at the Oakland County District Court in Pontiac, Michigan. Sentence entered by military judge on 15 March 2022: Bad-conduct discharge, forfeiture of $1,190.00 pay per month for 2 months, reduction to E-1, and a reprimand.

*For Appellant*: Major Matthew L. Blyth, USAF.

*For Appellee*: Lieutenant Colonel Thomas J. Alford, USAF; Captain Olivia B. Hoff, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, ANNEXSTAD, and MASON, *Appellate Military Judges*.

Judge MASON delivered the opinion of the court, in which Chief Judge JOHNSON and Senior Judge ANNEXSTAD joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

[1] Pursuant to Article 30a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 830a.

MASON, Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one charge with one specification of desertion with an intent to remain away permanently terminated by apprehension, in violation of Article 85, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 885.[2] The military judge sentenced Appellant to a bad-conduct discharge, forfeiture of $1,190.00 pay per month for two months, reduction to the grade of E-1, and a reprimand. The convening authority took no action on the findings or sentence.

Appellant raises three assignments of error: (1) whether this court should order correction of the entry of judgment, which incorrectly states that the convening authority denied a deferment request when Appellant only made a suspension request; (2) whether a missing convening order necessitates remand; and (3) whether Appellant's sentence is inappropriately severe.[3]

Though not raised by the parties, review of the record indicates that the compact disc (CD) purporting to contain the audio recordings of all open sessions of the trial failed to capture the final session wherein the military judge apparently reopened Appellant's court-martial to announce his corrected sentence.

We remand the case for correction of the entry of judgment (issue 1), insertion into the record of trial of the missing convening order (issue 2), and resolution of the issue of the missing audio recording of the last session of Appellant's court-martial. We defer addressing Appellant's allegation that his sentence is inappropriately severe until the record is returned to this court for completion of our Article 66(d), UCMJ, 10 U.S.C. § 866(d), review.

## I. BACKGROUND

In early January 2021, Appellant knew that he was under investigation due to allegations of sexual assault in Oakland County, Michigan. On 9 February 2021, Appellant's mother called him and told him that he would be arrested the next day pursuant to a warrant from the state of Michigan. After he finished talking to her, Appellant packed his bags, got in his car, and started driving north away from Nellis Air Force Base, Nevada, with the intent to cross the border into Canada. At some point during the drive, Appellant formed the

---

[2] Unless otherwise noted, all references in this opinion to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[3] Appellant raises the third issue regarding the severity of his sentence pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

intent to remain away from his unit permanently. Appellant stated that he had driven too far to turn around and report to his next shift on time, so he decided that he would continue driving to Washington state and would not go back. He proceeded until he was about 100 yards before the United States–Canada border, where he pulled into a neighborhood, parked, and contemplated whether he should cross the border. United States Border Patrol agents approached Appellant while he was parked, checked his identification, and learned of his deserter status and open arrest warrants issued by the United States Air Force and state of Michigan. United States Border Patrol contacted the local police who arrested Appellant and arranged for his eventual extradition to Michigan.

## II. DISCUSSION

### A. Missing Recording and Amendment to Convening Order

#### 1. Law

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004).

Rule for Courts-Martial (R.C.M.) 1112(b) sets forth the contents required to be contained in a record of trial. Amongst those contents are a substantially verbatim recording of the court-martial proceedings except sessions closed for deliberations and voting, as well as a copy of the convening order and any amending order. R.C.M. 1112(b)(1); R.C.M. 1112(b)(3).

#### 2. Analysis

Regarding the missing audio recording, the verbatim transcript reflects that the military judge apparently exercised his authority under R.C.M. 1007(c) to hold a post-trial Article 39(a), UCMJ, 10 U.S.C. § 839(a), session about 22 minutes after the court initially adjourned for the purpose of correcting an "erroneous announcement of the sentence." During this post-trial Article 39(a), UCMJ, session, the military judge corrected the prior erroneous sentence announcement by correctly articulating the forfeitures of pay to the amount consistent with the limits of the plea agreement. The Statement of Trial Results and entry of judgment reflect this lower amount as the amount adjudged. Yet, the CD purportedly containing recordings of all open sessions did not contain this final post-trial Article 39(a), UCMJ, session. We find the omission of the final announcement of Appellant's sentence is substantial. Thus, the record of trial is incomplete.

Regarding the missing convening order amendment, Appellant requests that this court return the record of trial to the trial judiciary to remedy the absence. At the initial Article 39(a), UCMJ, session, trial counsel announced—

and the charge sheet reflects—the court-martial was convened by Special Order A-4. This convening order is contained in the record of trial. However, trial counsel also announced that this order was amended by Special Order A-6, dated 13 January 2022. This amendment to the convening order was not contained in the record of trial.

Appellee moved to attach this amendment to the record and that motion was granted. In addition, Appellee contends the omission is not substantial and did not prejudice Appellant. *See United States v. Davenport*, 73 M.J. 373, 377 (C.A.A.F. 2014); *United States v. Harrow*, 62 M.J. 649, 654 (A.F. Ct. Crim. App. 2006), *aff'd*, 65 M.J. 190 (C.A.A.F. 2007). However, given the fact that the record of trial is incomplete due to the missing audio recording, the most appropriate resolution for the missing amendment is for this document to be properly inserted into the record of trial upon remand of the record rather than be an attached document.

## B. Entry of Judgment Errors

Appellant asserts, and Appellee agrees, the entry of judgment erroneously states that Appellant requested deferments in this case, specifically, deferments of his adjudged forfeitures and reduction in rank. Instead, Appellant requested the convening authority suspend his forfeitures and reduction in rank. While a request for a suspended sentence is not required to be included in the entry of judgment, the entry of judgment incorrectly reflects that Appellant requested a deferment, when he did not. Given that the case is being remanded due to the missing items referenced above, the court need not determine whether this error materially prejudiced Appellant's substantial rights. Rather, it is appropriate that as part of this court's remand, the entry of judgment should be corrected as well by removing the language addressing a deferment.

## III. Conclusion

The record of trial is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, pursuant to R.C.M. 1112(d) to: (1) correct the entry of judgment as discussed above; (2) insert any missing amended convening orders into the record of trial; and (3) resolve the issue of the missing audio recording of the final session of Appellant's court-martial.

Thereafter, the record of trial will be returned to this court for completion of its appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court