# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 40375**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Oscar F. GONZALEZ, Jr.**
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 8 September 2023

———————————

*Military Judge*: Pilar G. Wennrich.

*Sentence*: Sentence adjudged 21 July 2022 by GCM convened at Joint Base Charleston, South Carolina. Sentence entered by military judge on 20 September 2022: Bad-conduct discharge, confinement for 6 months, forfeiture of all pay and allowances for 6 months, and reduction to E-1.

*For Appellant*: Major Jenna M. Arroyo, USAF; Major Jarett Merk, USAF.

*For Appellee*: Captain Olivia B. Hoff, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, CADOTTE, and MASON, *Appellate Military Judges*.

Judge MASON delivered the opinion of the court, in which Chief Judge JOHNSON and Senior Judge CADOTTE joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

MASON, Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one charge with one specification of battery upon a spouse and one specification of assault

consummated by a battery, in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for six months, forfeiture of all pay and allowances for six months, and reduction to the grade of E-1. The convening authority took no action on the findings or sentence.

Appellant raises one assignment of error, whether the record of trial is incomplete. We remand the case for resolution of the issue of the missing attachments to Prosecution Exhibit 1, the stipulation of fact. We defer completing our Article 66(d), UCMJ, 10 U.S.C. § 866(d), review until the record is returned to this court.

## I. BACKGROUND

In November 2020, Appellant arrived at Joint Base Charleston, South Carolina. At that time, Appellant's wife—BG—was already in Charleston but the two were having marital problems and were not living together. On 11 November 2020, BG went to Appellant's hotel room so they could go to a unit barbeque together. In the hotel room, an argument arose. BG stated that as she was going to leave, Appellant got up and stood in her way, and prevented her from leaving the room. He then tried to kiss her. BG told him twice to stop. Appellant then grabbed BG's neck with both hands and applied pressure for eight to ten seconds. BG kicked Appellant to get him to stop and Appellant did. At some point later, BG walked out of the room and down the hallway. Still not wanting her to leave, Appellant ran out of his room, grabbed her wrist, and prevented BG from leaving. Appellant told BG that she was not leaving, and they were going to work things out. They both returned to the room. A subsequent investigation ensued which led to Appellant's court-martial.

At trial, Appellant pleaded guilty to one specification of battery upon his spouse BG, and one specification of assault consummated by a battery for touching and squeezing BG's neck and grabbing her wrist. During the guilty plea inquiry, trial counsel offered a three-page stipulation of fact, Prosecution Exhibit 1, which purportedly contained two attachments: (1) "Photographs taken by [BG] of her neck and wrist, 6 pages," and (2) "Photographs taken by AFOSI of [BG's] neck and wrist, 26 pages." The military judge admitted this exhibit totaling 35 pages.

---

[1] Unless otherwise noted, all references in this opinion to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

## II. DISCUSSION

**A. Law**

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004).

Rule for Courts-Martial (R.C.M.) 1112(b) sets forth the contents required to be contained in a record of trial. Amongst those contents are exhibits, or, if permitted by the military judge, copies, photographs, or descriptions of any exhibits that were received in evidence and any appellate exhibits. R.C.M. 1112(b)(6).

> If a record is incomplete or defective a court reporter or any party may raise the matter to the military judge for appropriate corrective action. A record of trial found to be incomplete or defective before or after certification may be corrected to make it accurate. A superior competent authority may return a record of trial to the military judge for correction under this rule.

R.C.M. 1112(d)(2).

"In assessing either whether a record is complete or whether a transcript is verbatim, the threshold question is 'whether the omitted material was 'substantial,' either qualitatively or quantitatively." *United States v. Davenport*, 73 M.J. 373, 377 (C.A.A.F. 2014) (citations omitted).

**B. Analysis**

Review of the record of trial confirms that Prosecution Exhibit 1 contains only the first three pages, but not the attachments. The remaining 32 pages of photographs—Attachments (1) and (2)—referenced in the exhibit and on the record are not contained in the record of trial. Appellant argues that the absence of these documents should result in this court setting aside the findings and sentence. The Government concedes that the omission is substantial, but requests that we remand the case for correction of the record. We agree with the Government. As the record is incomplete in the absence of the missing attachments, we return this record of trial.

## III. CONCLUSION

The record of trial is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to correct the record under R.C.M. 1112(d) to account for the missing attachments to Prosecution Exhibit 1, and any other portion of the record that is determined to be missing or defective hereafter, after consultation with the parties. *See* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3); R.C.M. 1112(d)(2), (3). Thereafter, the record of trial will be returned to this court **not later than**

**30 September 2023** for completion of its appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court