# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

————————————

No. ACM 40372

————————————

**UNITED STATES**
*Appellee*

v.

**Carson C. CONWAY**
Captain (O-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 5 December 2023

————————————

*Military Judge*: Julie L. Pitvorec.

*Sentence*: Sentence adjudged 22 February 2022 by GCM convened at Laughlin Air Force Base, Texas. Sentence entered by military judge on 18 October 2022: Dismissal, confinement for 5 months, and a reprimand.

*For Appellant*: Major Matthew L. Blyth, USAF; Major David L. Bosner USAF.

*For Appellee*: Lieutenant Colonel James Peter Ferrell, USAF; Captain Olivia B. Hoff, USAF; Captain Tyler L. Washburn, USAF; Mary Ellen Payne, Esquire.

Before ANNEXSTAD, RAMÍREZ, and KEARLEY, *Appellate Military Judges*.

Judge RAMÍREZ delivered the opinion of the court, in which Senior Judge ANNEXSTAD and Judge KEARLEY joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

RAMÍREZ, Judge:

In accordance with Appellant's pleas, and pursuant to a plea agreement, a general court-martial comprised of a military judge sitting alone convicted Appellant of one specification of distribution of intimate visual images, and one specification of knowingly making a false written statement in connection with the acquisition of a firearm, in violation of Articles 117a and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 917a, 934.[1] Three specifications alleging conduct unbecoming an officer and gentleman, in violation of Article 133, UCMJ, 10 U.S.C. § 933, were dismissed with prejudice consistent with Appellant's plea agreement. The military judge sentenced Appellant to a dismissal, confinement for five months, and a reprimand. The convening authority took no action on the findings or sentence.

Appellant raises five issues on appeal, which we reword: (1) whether omissions from the record of trial require sentencing relief or remand for correction; (2) whether a plea agreement requiring dismissal renders the sentencing procedure an "empty ritual" and violates public policy; (3) whether trial counsel committed prosecutorial misconduct during the sentencing argument; (4) whether Appellant's sentence is inappropriately severe; and (5) whether 18 U.S.C. § 922 is unconstitutional as applied to Appellant.

We remand this case as we find the first issue has merit and must be addressed before we consider the remaining issues.

## I. BACKGROUND

As to Issue (1), Appellant explains in his brief that the following are omissions or deficiencies in the record:

> 1. Two Article 32, UCMJ, 10 U.S.C. § 832, preliminary hearings were conducted in the above-captioned case. The audio recordings for both preliminary hearings are missing.
>
> 2. After Appellant's second Article 32, UCMJ, preliminary hearing, both parties provided the preliminary hearing officer (PHO) with supplemental information. This information was listed by the PHO in a chart as part of the PHO report but is missing from the record.
>
> 3. PHO Exhibits 4–8, contained on a DVD, are inoperable.

---

[1] All references in this opinion to the UCMJ, the Military Rules of Evidence, and the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

4. Attachments 3, 4, and 7 to Prosecution Exhibit 1, the stipulation of fact, are missing.

5. Appellate Exhibit XI, Appellant's post-trial appellate rights advisement form, is missing.

The Government acknowledges the items listed by Appellant are missing from the record of trial and has confirmed these items still exist in the possession of the legal office, located at Laughlin Air Force Base (AFB), Texas.

The court further notes that Prosecution Exhibit 5 (a letter of reprimand which Appellant received and was accepted as a sentencing exhibit) lists three attachments, but the attachments are missing.

## II. DISCUSSION

Whether a record is complete is a question of law that this court reviews de novo. *United States v. Davenport*, 73 M.J. 373, 376 (C.A.A.F. 2014) (citation omitted).

"[A] complete record of proceedings and testimony shall be prepared in any case of a sentence of . . . dismissal . . . ." Article 54(c)(2), UCMJ, 10 U.S.C. § 854(c)(2). This includes any evidence or exhibits considered by the court-martial, pursuant to Rule for Courts-Martial (R.C.M.) 1112(b), and if not used as an exhibit, the preliminary hearing report pursuant to R.C.M. 1112(f).

Here, the Government concedes that the record of trial (ROT) is incomplete and should be remanded. We agree. According to the Government, the Laughlin AFB legal office "possesses the omitted items and has the ability to make the ROT whole." Therefore, we remand the ROT to the Chief Trial Judge, Air Force Trial Judiciary, to comply with the requirements of Article 54, UCMJ, and R.C.M. 1112(b).

## III. CONCLUSION

Pursuant to R.C.M. 1112(d)(2), this case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to correct the record with respect to the six items identified in this opinion above and any other item that is missing from the record of trial and is required under R.C.M. 1112. Additionally, the military judge shall give notice of any proposed corrections to all parties and permit them to examine and respond to the proposed corrections. R.C.M. 1112(d)(2).

Thereafter, the record of trial will be returned to the court not later than **9**

**January 2024** for completion of its appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court