# UNITED STATES AIR FORCE
## COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **No. ACM 24011** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Mason A. BURKHARDT-BAUDER** | ) | |
| **Senior Airman (E-4)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 3** |

On 24 January 2025, this court ordered counsel for the Government to show good cause as to why this court should not return the record for correction or take other corrective action with regard to sealed Appellate Exhibit XXVII in the original record of trial, a disc which the court noted "appears to be either blank, or damaged or corrupted such that that the file cannot be accessed."

On 3 February 2025, the Government filed a timely response to the show cause order. The Government stated it "does not oppose remand for correction to include Appellate Exhibit XXVII, which is the recording of a witness interview related to Appellant's Motion to Compel pursuant to [Mil. R. Evid.] 513 and is the subject of the military judge's ruling in Appella[te] Exhibit XLVII."

On 4 February 2025, Appellant filed a Motion for Leave to File Motion for Remand and Motion for Remand. Essentially, Appellant requested this court remand the record of trial in order to correct two asserted errors. First, Appellant stated the record should be remanded to correct the omission of Appellate Exhibit XXVII, as described in this court's 24 January 2025 show cause order. Second, Appellant contended he was not afforded five days in which to submit matters in rebuttal to the matters the victim (AM) submitted to the convening authority, as required by Rule for Courts-Martial (R.C.M.) 1106(d)(3), before the convening authority made a decision on action regarding Appellant's court-martial. Appellant contends he should be "served anew with [AM's] submission of matters and provided the required opportunity to respond before the convening authority accomplishes the [decision on action] after properly considering the rebuttal."

The Government responded to Appellant's motion on 11 February 2025, stating it "does not oppose remand based on" the asserted noncompliance with R.C.M. 1106(d)(3), in addition "to remand for correction to include a functional Appellate Exhibit XXVII."

"A substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the Government must rebut." *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000) (citations omitted). "Omissions are quantitatively substantial unless 'the totality of omissions . . . becomes so unimportant and so uninfluential when viewed in the light of the whole record, that it approaches nothingness.'" *United States v. Davenport*, 73 M.J. 373, 377 (C.A.A.F. 2014) (quoting *United States v. Nelson*, 13 C.M.R. 38, 43 (C.M.A. 1953)).

R.C.M. 1112(b) provides, *inter alia*, the "record of trial in every general and special court-martial shall include . . . [e]xhibits . . . ." R.C.M. 1112(d)(2) provides, in part:

> A record of trial is complete if it complies with the requirements of subsection (b). . . . A superior competent authority may return a record of trial to the military judge for correction under this rule. The military judge shall give notice of the proposed correction to all parties and permit them to examine and respond to the proposed correction. . . .

R.C.M. 1106(d)(3) provides, in pertinent part, "[i]n a case where a crime victim has submitted matters under R.C.M. 1106A, the accused shall have five days from receipt of those matters to submit any matters in rebuttal . . . ."

Accordingly, it is by the court on this 19th day of February, 2025,

**ORDERED:**

Appellant's Motion for Leave to File Motion for Remand dated 4 February 2025 is **GRANTED**. Appellant's Motion for Remand dated 4 February 2025 is **GRANTED**.

The record of trial in Appellant's case is returned to The Judge Advocate General for remand to the convening authority for a new service upon Appellant of matters submitted by the victim to the convening authority and new opportunity for Appellant to submit matters in rebuttal, as required by R.C.M. 1106(d)(3), and a new decision on action by the convening authority, in accordance with R.C.M. 1110. The record of trial will then be forwarded to the military judge for a new entry of judgment, in accordance with R.C.M. 1111, and correction of the record in accordance with R.C.M. 1112(d) with respect to Appellate Exhibit XXVII and any other portion of the record that is determined to be missing or defective hereafter, after consultation with the parties. *See* Article 66(g), UCMJ, 10 U.S.C. § 866(g); R.C.M. 1112(d)(2)–(3). Thereafter, the record of trial will be returned to this court for completion of its review under Article 66, UCMJ, 10 U.S.C. § 866.

The record of trial will be returned to the court **not later than 1 April 2025** unless a military judge or this court grants an enlargement of time for good cause shown.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court