# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | No. ACM 40607 |
| *Appellee* | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| **Cody L. KINDRED** | ) | |
| **Airman (E-2)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | Panel 3 |

On 28 March 2025, Appellant moved for leave to file a Motion to Remand for Correction of the Record, combined with the motion to remand. Appellant contended that the audio recordings of Appellant's arraignment on 25 April 2023 and two closed Article 39(a), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 839(a), sessions during motion hearings on 6 July 2023 were missing from the record of trial. Appellant requested this court return the record to the military judge for correction.[*]

The Government filed a response to the defense motions on 3 April 2025. The Government agreed with Appellant that the audio recordings of the arraignment on 25 April 2023 and two closed sessions on 6 July 2023 are missing from the record, and that this court should remand the record for correction.

"A substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the Government must rebut." *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000) (citations omitted). "Omissions are quantitatively substantial unless 'the totality of omissions . . . becomes so unimportant and so uninfluential when viewed in the light of the whole record, that it approaches nothingness.'" *United States v. Davenport*, 73 M.J. 373, 377 (C.A.A.F. 2014) (quoting *United States v. Nelson*, 13 C.M.R. 38, 43 (C.M.A. 1953)).

Rule for Courts-Martial (R.C.M.) 1112(b) provides, *inter alia*, the "record of trial in every general and special court-martial shall include: (1) A substantially verbatim recording of the court-martial proceedings except sessions closed for deliberations and voting . . . ." R.C.M. 1112(d)(2) provides, in part, "A superior competent authority may return a record of trial to the military

---

[*] On 28 March 2025, Appellant also filed a motion to file under seal portions of his Motion to Remand for Correction of the Record. The Government did not oppose the motion to file under seal, which this court granted on 7 April 2025.

judge for correction under this rule. The military judge shall give notice of the proposed correction to all parties and permit them to examine and respond to the proposed correction."

The court has reviewed the record and concurs with the parties that the audio recordings of the arraignment on 25 April 2023 and closed hearings on 6 July 2023 are not included in the record. We concur with the parties that, under the circumstances of this case, remand for correction of the record is appropriate.

Accordingly, it is by the court on this 7th day of April, 2025,

**ORDERED:**

Appellant's Motion for Leave to File and Motion to Remand for Correction of the Record, dated 28 March 2025, are **GRANTED**.

The record of trial in Appellant's case is returned to the Chief Trial Judge, Air Force Trial Judiciary, for correction under R.C.M. 1112(d) to account for the missing portions of the verbatim recording of the proceedings, and any other portion of the record that is determined to be missing or defective hereafter, after consultation with the parties. *See* Article 66(g), UCMJ, 10 U.S.C. § 866(g); R.C.M. 1112(d)(2)–(3). Thereafter, the record of trial will be returned to this court for completion of its appellate review under Article 66, UCMJ, 10 U.S.C. § 866.

The record of trial will be returned to the court not later than **19 May 2025** unless a military judge or this court grants an enlargement of time for good cause shown.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

2