# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

|                     |     |                |
|---------------------|-----|----------------|
| **UNITED STATES**   | )   | **No. ACM 40783** |
| *Appellee*          | )   |                |
|                     | )   |                |
| **v.**              | )   |                |
|                     | )   | **ORDER**      |
| **Noah D. BUSH**    | )   |                |
| **Senior Airman (E-4)** | ) |               |
| **U.S. Air Force**  | )   |                |
| *Appellant*         | )   | **Panel 2**    |

On 1 August 2025, counsel for Appellant submitted a Consent Motion to Examine Sealed Materials, requesting appellate counsel for both parties be allowed to examine particular material in the record of trial that the military judge ordered sealed. Upon examining the requested sealed material, the court found the first of the five discs comprising Appellate Exhibit XII (App. Ex. XII) was corrupted and the material thereon was inaccessible.

On 4 August 2025, the court granted the Consent Motion to Examine Sealed Materials and ordered counsel for the Government to show good cause no later than 15 August 2025 as to why this court should not return the record for correction in light of the defect in App. Ex. XII.

On 12 August 2025, the Government moved for leave to file a motion to copy and transmit sealed materials. Specifically, the Government seeks "permission to electronically copy and transmit via DoDSAFE one copy of the first disc of App. Ex. XII from the base legal office copy of the ROT, through undersigned counsel, to this [c]ourt to replace the corrupted copy of the first disc App. Ex. XII in the record of trial." The Government asserts, "In this case, where the exhibit is not missing but a technological defect has rendered a portion of App. Ex. XII unusable, this [c]ourt should allow for expedient and accurate correction of the error by transmitting an exact copy from the base's copy of the record." On 12 August 2025, the Government also separately responded to the court's show cause order, contending remand for correction is unnecessary in light of the solution it proposes in its motion to copy and transmit sealed material.

On 14 August 2025, Appellant opposed the Government's motion for leave to file and motion to copy and transmit sealed materials. Appellant contends

Rule for Courts-Martial (R.C.M.) 1112(d)(2) provides the process to correct a record found to be incomplete or defective, which involves returning the record to the military judge who provides notice to the parties of the proposed correction before taking corrective action. Appellant argues this court should remand the record for a certificate of correction.

"A substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the Government must rebut." *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000) (citations omit-ted). "Omissions are quantitatively substantial unless 'the totality of omissions . . . becomes so unimportant and so uninfluential when viewed in the light of the whole record, that it approaches nothingness.'" *United States v. Davenport*, 73 M.J. 373, 377 (C.A.A.F. 2014) (quoting *United States v. Nelson*, 13 C.M.R. 38, 43 (C.M.A. 1953)).

R.C.M. 1112(b) provides, *inter alia*, the record of trial in every general and special court-martial shall include the exhibits. R.C.M. 1112(d)(2) provides, in part, "A superior competent authority may return a record of trial to the military judge for correction under this rule. The military judge shall give notice of the proposed correction to all parties and permit them to examine and respond to the proposed correction."

Under the circumstances of this case, we find remand for correction of the record is appropriate.

Accordingly, it is by the court on this 21st day of August 2025,

**ORDERED:**

The Government's Motion for Leave to File dated 12 August 2025 is **GRANTED**.

The Government's Motion to Copy and Transmit Sealed Materials dated 12 August 2025 is **DENIED**.

The record of trial in Appellant's case is **RETURNED** to the Chief Trial Judge, Air Force Trial Judiciary, for correction under R.C.M. 1112(d) to address the corrupted disc in the sealed Appellate Exhibit XII, and any other portion of the record that is determined to be missing or defective hereafter, after consultation with the parties. *See* Article 66(g), UCMJ, 10 U.S.C. § 866(g); R.C.M. 1112(d)(2)–(3). Thereafter, the record of trial will be returned to this court for completion of its appellate review under Article 66, UCMJ, 10 U.S.C. § 866.

The record of trial will be returned to the court not later than **17 October 2025** unless a military judge or this court grants an enlargement of time for good cause shown.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court