# United States Navy-Marine Corps Court of Criminal Appeals

_____

### UNITED STATES
*Appellee*

v.

### Mackenzie J. MARASCO
### Lance Corporal (E-3), U.S. Marine Corps
*Appellant*

_____

### No. 201800213

_____

Appeal from the United States Navy-Marine Corps Trial Judiciary.

*Decided:* 25 January 2019.

_____

*Military Judge:* Lieutenant Colonel Emily Jackson-Hall, USMC.

*Approved Sentence:* Reduction to E-1, 28 years' confinement, and a dishonorable discharge.[1] Sentence adjudged 1 June 2018 by a general court-martial convened at Camp Lejeune, North Carolina, consisting of a military judge sitting alone.

*For Appellant:* Captain Kimberly D. Hinson, JAGC, USN.

*For Appellee:* Lieutenant Jonathan Todd, JAGC, USN; Lieutenant Kimberly Rios, JAGC, USN.

_____

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2(b).**

_____

[1] The Convening Authority suspended confinement in excess of 10 years pursuant to a pretrial agreement.

_____

Before FULTON, CRISFIELD, and HITESMAN,
*Appellate Military Judges*

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of sexual assault, aggravated assault, burglary, and communicating a threat, in violation of Articles 120, 128, 129, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 928, 929, and 934 (2016).

The appellant alleges three errors: (1) the military judge's sentence was inappropriately severe; (2) the victim's impact statement contained inadmissible comments; and (3) the record of trial is not verbatim. Having carefully considered the record of trial and submissions of the parties, we affirm the findings and sentence.

## I. BACKGROUND

The appellant admitted to breaking into a fellow Marine's barracks room in order to have nonconsensual sex with her. They did not know each other. Inside the room, the appellant sexually assaulted the victim vaginally and anally, then threatened to kill her when she turned on a light. He put her in a choke hold and when he released his hold she collapsed onto the deck. When the appellant left the victim's room, she was able to get to the door and lock it behind him. The appellant unsuccessfully tried to re-enter the room, and the victim took a picture of him through a window next to the door. The picture led to the appellant's identification.

## II. DISCUSSION

### A. Sentence Appropriateness

We conduct a *de novo* review of sentence appropriateness. *United States v. Baier*, 60 M.J. 382, 384-85 (C.A.A.F. 2005). We must review the entirety of the record to independently "assur[e] that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). Although we have broad discretion to grant relief under Article 66(c), UCMJ, we have no authority to engage in acts of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010). Our mandate is to ensure an appropriate sentence is rendered through "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness

of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

Having given such consideration to the nature and seriousness of the appellant's crimes and all matters contained in the record of trial, including matters submitted by the appellant in extenuation and mitigation, we conclude that the sentence as approved by the convening authority is appropriate for this offender and his offenses. *Baier*, 60 M.J. at 383-85; *Healy*, 26 M.J. at 395-96.

**B. The Victim's Impact Statement**

A crime victim has the right to be reasonably heard at a sentencing hearing related to that crime. RULE FOR COURTS-MARTIAL (R.C.M.) 1001A, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.). The victim's statement may include any financial, social, psychological, or medical impact on the victim directly related to or arising from the crimes of which the accused has been found guilty. R.C.M. 1001A(b)(2). The victim in this case presented her statement describing the impact that the appellant's offenses had on her by reading from a four page written statement.[2] Appellant now claims that the victim's statement contained inadmissible matters.

At trial, when asked by the military judge if he had any objection to hearing the unsworn statement of the victim "at this time," the appellant made no objection.[3] Furthermore, he raised no objection during or immediately after the victim read her statement. The record is not clear whether a copy of the victim's statement had been provided to the defense in advance, or if the defense was hearing the statement for the first time as it was read. Since it is not clear, we will assume that the defense was hearing the statement for the first time and will apply forfeiture to the issue and test the statement's admission for plain error.[4] *See United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009).

Under the plain error standard, the appellant must show that: "(1) an error was committed; (2) the error was plain, or clear, or obvious; and (3) the error resulted in material prejudice to substantial rights." *United States v.*

---

[2] The written statement is attached to the record of trial as Appellate Exhibit V.

[3] Record at 56.

[4] If the statement had been provided to the defense in advance, we would hold that the appellant intentionally waived any objection. *See United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009); *United States v. Swift*, 76 M.J. 210, 217 (C.A.A.F. 2017).

*Maynard*, 66 M.J. 242, 244 (C.A.A.F. 2008) (citation and internal quotation marks omitted). The appellant bears the burden of proving the three prongs are met. *Id.*

The victim's statement is unquestionably emotional. She recounts how she felt the night that the appellant attacked her and the way that it changed her life. It also includes the victim saying to the appellant, "How do you live with it, Marasco?"[5] and "You are no Marine. You are no man. You are a sick human being."[6] In addition, she quotes from the Bible several times, including asking the military judge "to let Justice roll down like waters, and righteousness like an ever flowing stream."[7]

Our review of the victim's statement fails to disclose any violation of R.C.M. 1001A. At worst, the quotations listed above are irrelevancies and we trust that the military judge gave them no weight. *See United States v. Salcido*, No. 201300143, 2014 CCA LEXIS 89, at *16 (N-M. Ct. Crim. App. Feb. 20, 2014). We therefore hold that it was not plain error for the military judge to consider the victim's statement in sentencing.

## C. The Record of Trial is Substantially Verbatim

The appellant next contends that the record of trial is not verbatim because the victim's unsworn statement is not transcribed in the record. This court conducts a *de novo* review to determine whether a record of trial is complete and verbatim. *United States v. Davenport*, 73 M.J. 373, 376 (C.A.A.F. 2014). Since a punitive discharge was awarded in this case, the record of trial must include a verbatim transcript of all sessions except for deliberations and voting. R.C.M. 1103(b)(2)(B).

> In assessing either whether a record is complete or whether a transcript is verbatim, the threshold question is whether the omitted material was substantial, either qualitatively or quantitatively. . . . Thus, our focus is on the narrow threshold question whether the omission in the transcript was qualitatively or quantitatively substantial, which would render it nonverbatim.
>
> Despite the dictionary definition of the term "verbatim," transcripts need not be word for word, but must be "substantially verbatim."

*Davenport*, 73 M.J. at 377 (citations omitted).

---

[5] Appellate Exhibit V at 2.

[6] *Id.*

[7] *Id.* at 4.

Although the victim's unsworn statement is not transcribed in the body of the record of proceedings, a written copy of her statement is in the record at Appellate Exhibit V. The record notes at the appropriate place that the victim read Appellate Exhibit V.[8] The record of trial was properly authenticated by the military judge who heard the victim present her statement. Under these circumstances, we hold that the record of trial is substantially verbatim and complies with R.C.M. 1103.

## III. CONCLUSION

Having carefully considered the appellant's assigned errors, the record of trial, and the parties' submissions, we conclude the findings and sentence are correct in law and fact and that no error materially prejudiced the appellant's substantial rights. Arts. 59(a) and 66(c), UCMJ. Accordingly, the findings and sentence as approved by the CA are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[8] Record at 57.

5