# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39979**

————————————

**UNITED STATES**
*Appellee*

**v.**

**William C. MCALHANEY**
Airman Basic (E-1), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 28 February 2022

————————————

*Military Judge:* Elizabeth M. Hernandez.

*Sentence:* Sentence adjudged on 7 July 2020 by GCM convened at Sheppard AFB, Texas. Sentence entered by military judge on 29 July 2020: Bad-conduct discharge, confinement for 3 months, and a reprimand.

*For Appellant:* Major Benjamin H. DeYoung, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Major John P. Patera, USAF; Mary Ellen Payne, Esquire.

Before LEWIS, ANNEXSTAD, and GOODWIN, *Appellate Military Judges*.

Judge GOODWIN delivered the opinion of the court, in which Senior Judge LEWIS and Judge ANNEXSTAD joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

GOODWIN, Judge:

A general court-martial composed of a military judge alone found Appellant guilty, in accordance with his pleas and pursuant to a plea agreement, of one charge under Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C.

§ 934,[1] of one specification of wrongful receipt of child pornography, and one specification of wrongful possession and viewing of child pornography. The military judge sentenced Appellant to a bad-conduct discharge, confinement for three months,[2] and a reprimand. The convening authority took no action on the findings or sentence but provided language for the adjudged reprimand. The military judge signed an entry of judgment reflecting the adjudged findings and sentence, including the reprimand language.

Appellant raises three issues for our review on appeal: (1) whether the convening authority failed to consider Appellant's clemency submission in violation of Rules for Courts-Martial (R.C.M.) 1106 and 1109; (2) whether the Government's failure to serve Appellant with a complete copy of his record of trial (ROT) violates Article 54, UCMJ, 10 U.S.C. § 854, R.C.M. 1112(e), and due process; and (3) whether an improper reprimand in Appellant's case made his sentence inappropriately severe.

Finding no error materially prejudicial to Appellant's substantial rights, and following this court's Article 66(d)(1), UCMJ, 10 U.S.C. § 866(d)(1), mandate to approve only so much of the sentence as we find on the basis of the entire record, should be approved, we affirm the findings and sentence.

# I. BACKGROUND

Appellant began communicating with 15-year-old NC using the Snapchat and iMessage applications prior to entering active duty.[3] NC told Appellant she was 15 years old. Appellant and NC stopped communicating while Appellant was in basic military training (BMT) but resumed after he arrived at Sheppard Air Force Base (AFB), Texas, for technical school. In January 2019, Appellant asked whether NC would send him a nude photograph or video of herself. Appellant paid $30.00 to NC for a short video of NC having sex with a 17-year-old male that Appellant did not know. Appellant received and viewed the video.[4]

---

[1] All references to the UCMJ and Rules for Courts-Martial (R.C.M) are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Pursuant to his guilty plea, Appellant was found guilty of both specifications. The military judge sentenced Appellant to three months of confinement for each specification, running concurrently to one another.

[3] Snapchat and iMessage are social media applications.

[4] NC was 16 years old when she sent Appellant the video.

Appellant also communicated with ST before leaving for BMT. ST told Appellant that she was 15 years old. Appellant asked ST "whether she enjoyed masturbating with a hairbrush," offered to buy her a sex toy, and asked if she would let him see her using the sex toy. Appellant asked ST for a nude photograph, and ST sent him a photograph of her genitals with a wooden hairbrush penetrating her vulva.[5]

## II. DISCUSSION

### A. Convening Authority Consideration of Clemency Matters

In his first assignment of error, Appellant claims the convening authority failed to consider Appellant's clemency submission. We disagree.

### 1. Additional Background

On 7 July 2020, the Government notified Appellant of his right to submit clemency matters. Appellant indicated his intent to submit matters to the convening authority; however, his clemency matters were not included in the ROT. On 22 July 2020, the general court-martial convening authority[6] elected to "take no action on the sentence" in this case. Prior to taking no action on the sentence, the convening authority consulted with the staff judge advocate (SJA) and "considered matters timely submitted by the accused under R.C.M. 1106."

On 23 September 2020, the case paralegal from the Sheppard AFB legal office drafted a memorandum documenting Appellant's supposed failure to submit timely clemency matters. On 10 November 2020, Appellant's case was docketed with this court.

On 8 June 2021, Appellant submitted a motion to attach,[7] which included, among other things, an email from his trial defense counsel to a judge advocate at the Sheppard AFB legal office. The email was sent on 16 July 2020, which was before the close of Appellant's clemency window, and included Appellant's clemency matters as an attachment.

---

[5] ST was 16 years old when she sent Appellant the photograph.

[6] The cover sheets to the ROT incorrectly identify Appellant's case as a special court-martial.

[7] The court granted Appellant's motion to attach on 17 June 2021, which also included a sworn declaration of Appellant. We considered Appellant's declaration after finding that this matter was raised but not fully resolvable by the materials in the record. *See United States v. Jessie*, 79 M.J. 437, 445 (C.A.A.F. 2020).

On 7 July 2021, the Government filed a motion to attach a declaration from the general court-martial convening authority's SJA dated 22 June 2021, to document timely receipt of Appellant's clemency submission by the Second Air Force legal office at Keesler AFB, Mississippi.[8] According to this declaration, the SJA personally presented Appellant's clemency matters to the convening authority before the action decision.

### 2. Law

The court reviews post-trial processing issues de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63 (C.A.A.F. 2000)). Under R.C.M. 1106(a), an accused may submit matters to the convening authority for consideration in the exercise of the convening authority's powers under R.C.M. 1109 or R.C.M. 1110. The convening authority "shall consider matters timely submitted" by an accused before "taking or declining to take any action" on a sentence. R.C.M. 1109(d)(3)(A).

### 3. Analysis

Here, the case paralegal appears to have been confused regarding whether the Government had received Appellant's clemency matters. The SJA's declaration, however, clearly establishes that the SJA personally provided the convening authority with Appellant's clemency matters before her decision on action. The convening authority also indicated that she considered Appellant's clemency matters in the decision on action. Consequently, we find that no error occurred and that nothing prejudiced Appellant's substantial rights.[9]

### B. ROT Service on Appellant

In his second assignment of error, Appellant alleges the Government failed to serve Appellant with a complete copy of his ROT. We disagree.

---

[8] Our court granted the Government's motion to attach on 16 July 2021. We will consider the SJA's declaration as we find this matter was raised but not fully resolvable by the materials in the record. *See Jessie*, 79 M.J. at 445.

[9] We note that Appellant has not asserted error or requested we order a certificate of correction under R.C.M. 1112(d)(2) because the original ROT docketed with this court did not contain his R.C.M. 1106 clemency submission. R.C.M. 1112(f)(3) requires the court reporter to attach to the record of trial, for appellate review, "[a]ny matter filed by the accused . . . under R.C.M. 1106." We find the Government erred by failing to attach Appellant's R.C.M. 1106 matters to the ROT before it was forwarded to our court for review. However, Appellant has not asserted material prejudice and we find none, as we granted Appellant's motion to attach the same matters and we considered them in performing our Article 66, UCMJ, review.

**1. Additional Background**

On 3 August 2020, the court reporter certified the ROT. However, the transcript—which is a required ROT attachment under R.C.M. 1112(f)(8)—had not yet been reviewed by trial counsel. On 4 August 2020, government counsel completed their review and returned it to the court reporter. On 7 August 2020, the court reporter asked defense counsel about the status of their review; defense counsel responded they would be done by 10 August 2020. However, because of an unexpected emergency, trial defense counsel never provided edits. The transcript was finalized on 11 August 2020 without input from the Defense. On 12 August 2020, the court reporter certified the transcript, and it was attached to the ROT.

Appellant signed receipt for the ROT on 24 September 2020, receiving three volumes. The original ROT and the copies provided to appellate counsel contained four volumes total. On 1 July 2021, the case paralegal executed a sworn declaration wherein he clarified that the original ROT and copies provided to the Defense and Government for appellate review consisted of four volumes including attachments to which an accused is not entitled. Taking out the attachments to which Appellant was not entitled, the ROT served on Appellant was reduced to three volumes with the transcript being placed in the first volume in place of the audio recording of the proceedings. The case paralegal confirmed that Appellant received all portions of the ROT to which he was entitled.

**2. Law**

Whether a ROT is complete is a question of law that courts review de novo. *United States v. Davenport*, 73 M.J. 373, 376 (C.A.A.F. 2014) (citation omitted).

Article 54(c)(1), UCMJ, 10 U.S.C. § 854(c)(1), requires a ROT "contain matters as the President may prescribe by regulation." A copy of the ROT, "shall be given to the accused as soon as it is certified." Article 54(d), UCMJ, 10 U.S.C. § 854(d). R.C.M. 1112(b) defines what constitutes the ROT. The ROT must include: (1) "a substantially verbatim recording of the court-martial proceedings except sessions closed for deliberations and voting;" (2) the charge sheet; (3) the convening order and any amending orders; (4) the accused's elections on the factfinder; (5) the accused's election on the sentencing authority; (6) exhibits received into evidence and appellate exhibits; (7) the statement of trial results; (8) any action by the convening authority; and (9) the entry of judgment.

R.C.M. 1112(e)(1) requires that a copy of the certified ROT be served "in accordance with regulations issued by the Secretary concerned" and "free of charge" on, among others, the accused. R.C.M. 1112(f) enumerates additional materials that must be attached to the certified ROT before it is forwarded for appellate review. This includes, among other things, the certified transcript,

preliminary hearing report, and pretrial advice, if any. According to the Air Force regulation in effect at the time of Appellant's post-trial processing, "the accused only receives the ROT items listed in R.C.M. 1112(b), not the ROT attachments listed in R.C.M. 1112(f). However, the accused will receive a copy of the transcript instead of the audio recording." *See* Air Force Manual (AF-MAN) 51-203, *Records of Trial*, ¶ 5.5.2 (4 Sep. 2018, as amended by AFGM 2020-01, 7 May 2020).

### 3. Analysis

The Government agrees that Appellant received a three-volume ROT. However, after reviewing the record and pleadings, we find those volumes contained (1) a substantially verbatim transcript; (2) the charge sheet; (3) the convening order and any amending orders; (4) the accused's elections on the factfinder; (5) the accused's election on the sentencing authority; (6) exhibits received into evidence and appellate exhibits; (7) the statement of trial results; (8) any action by the convening authority; and (9) the entry of judgment.

As such, Appellant received the contents of the ROT required by R.C.M. 1112(b), with the only exception being the substitution of the certified transcript for the audio recording of the proceedings. This substitution was made in accordance with service regulations. *See id*. R.C.M. 1112(e)(1) granted the Secretary of the Air Force the authority to prescribe regulations regarding the copies of the ROT that an accused and a victim receive. Additionally, we note that Appellant's trial defense counsel received a copy of the audio recording the same day that trial adjourned. Consequently, there exists no error here, nor does there exist any prejudice to Appellant's substantial rights.

## C. Appellant's Reprimand

In his third assignment of error, Appellant claims the reprimand issued by the convening authority is "unduly severe, inflammatory, inaccurate, and unsupported by the evidence in the record" and, consequently inappropriate and substantially prejudicial to Appellant.[10] We disagree with Appellant's argument and accordingly deny relief.

---

[10] The convening authority issued the specific language of the reprimand, and the military judge entered it as follows:

> Your decision to wrongfully view and possess child pornography promoted the abuse and harm of children, and furthered the criminal enterprise of human sex trafficking, which is directly linked to child pornography. Your conduct has no place within the Armed Force or society at large. Be warned, further misconduct will result in additional criminal liability.

#### 1. Law

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only . . . the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[ ], on the basis of the entire record, should be approved." Article 66(d)(1), UCMJ. "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (citations omitted). Although we have broad discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

#### 2. Analysis

Appellant asserts that his reprimand is factually inaccurate because no evidence was admitted supporting the section of the reprimand that states Appellant's offenses "promoted the abuse and harm of children, and furthered the criminal enterprise of human sex trafficking."

We first address whether the reprimand or the other elements of Appellant's sentence were overly severe. We have given individualized consideration to Appellant, the nature and seriousness of his offenses, his record of service, and all other matters contained in the record of trial. We consider whether the Appellant's sentence was appropriate "judged by 'individualized consideration' of the [Appellant] 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (*quoting United States v. Mamaluy*, 27 C.M.R. 176, 180–81 (C.M.A. 1959)).

In addition to matters in extenuation and mitigation, evidence at trial showed that Appellant's receipt, possession, and viewing of child pornography were not a passive venture. Appellant did not simply engage in the viewing, possessing, and receipt of existing child pornography images. Rather, Appellant initiated the exchange of a child pornography video for money in Specification 1 of the Charge, and he convinced another teen to create an image of child pornography in Specification 2 of the Charge.

Appellant's adjudged sentence included three months of confinement for each specification to run concurrently, a bad-conduct discharge, and a reprimand. The maximum punishment available under the plea agreement was forfeitures of all pay and allowances, 16 months of confinement, and a bad-conduct discharge, which the trial counsel suggested in sentencing argument. The

military judge sentenced Appellant to less than the maximum allowable sentence under his plea agreement. We find the sentence is not inappropriately severe.

As Appellant did not object to the language used in the reprimand prior to his appeal, we next consider whether the reprimand was factually inaccurate such that it constituted plain or obvious error. A reprimand is a punitive censure. R.C.M. 1003(b)(1), Discussion. In practice, it is a frank and common-sense expression of formal disapproval by the convening authority to the accused regarding the offenses for which the individual was sentenced. The reprimand may be based on the offenses, the evidence and testimony admitted at trial, and other matters that are properly before the convening authority such as a clemency request or a victim impact statement. Our military justice system grants the convening authority the discretion to choose the words of the reprimand. With few exceptions, in the Air Force, convening authorities are senior officers with a responsibility to preserve good order and discipline for the Airmen in their command. It is with this objective and historical backdrop that we assess Appellant's claims. *See United States v. Wolcott*, No. ACM 39639, 2020 CCA LEXIS 234 (A.F. Ct. Crim. App 15 Jul. 2021) (unpub. op.).

The military judge determined a reprimand was an appropriate punishment for the offenses. She made no clemency recommendation on the record to the convening authority. We presume the military judge was aware of R.C.M. 1003(b)(1) which required a reprimand to be issued in writing by the convening authority. *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007) (citation omitted) (stating military judges are presumed to know the law and to follow it absent clear evidence to the contrary). In our view, if the military judge did not want to grant the convening authority the opportunity to punitively censure Appellant, then she would not have adjudged a reprimand. There is little question that the military judge adjudged a reprimand knowing it could serve a useful sentencing purpose.

It is also important to recognize that a convening authority does not issue a reprimand without assistance from a trained legal professional. We know the general court-martial convening authority conferred with her staff judge advocate because of the SJA's declaration.

A convening authority's discretion to reprimand is not unfettered, however. A convening authority cannot include language in a reprimand that directly references an offense that has been dismissed or resulted in an acquittal. *See, e.g.*, *United States v. Hawes*, 51 M.J. 258, 261 (C.A.A.F. 1999) (striking reference to offense dismissed on appeal from adjudged reprimand). In this case, however, we see no reference in the reprimand to any dismissed offense, or to an offense for which Appellant was acquitted.

Appellant specifically takes issue with two statements in the reprimand. First, the convening authority's statement that Appellant's crimes "promoted the abuse and harm of children." We find no plain or obvious error with this statement. Here, Appellant convinced a teen to exchange a sexually explicit video of herself, and another individual for money, thereby arguably teaching or reinforcing to her that there is a financial market for sexual related images of herself. Appellant also convinced another teen to create an image of child pornography. Consequently, we find the convening authority's statement that Appellant's conduct "promoted the abuse and harm of children," is accurate.

Appellant also takes issue with the convening authority's statement that Appellant's conduct "furthered the criminal enterprise of human sex trafficking." While this appears to be a much closer call, we are not convinced that the statement constitutes plain error.[11] In reaching this conclusion, we note that the convening authority is provided with significant discretion to choose the wording for a reprimand. This discretion is provided to assist the convening authority in fulfilling her responsibility to preserve good order and discipline for the Airmen in their command. *See Wolcott*, unpub. op. at *16.

Additionally, we are also aware that the federal definitions of human sex trafficking have been expanded in recent years to incorporate a wide spectrum of sexual offenses that vary greatly in terms of violence and severity. While, we recognize that Appellant was convicted of the wrongful receipt, possession, and viewing of child pornography, his conduct in committing these offenses matches some of the conduct described in the definitions of sex trafficking of children. Finally, we are also not aware of any binding precedent prohibiting the convening authority from reprimanding the Appellant in this manner. For these reasons we are not convinced the convening authority committed plain or obvious error in choosing the wording for Appellant's reprimand. Nor are we convinced that Appellant was materially prejudiced by the convening authority's choice of wording in the reprimand.

We have given individualized consideration to Appellant, the nature and seriousness of the offenses, Appellant's record of service, and all other matters contained in the record of trial. We find no plain or obvious error materially

---

[11] Appellant did not raise a post-trial motion with the military judge under R.C.M. 1104(d)(2)(B). Accordingly, we find Appellant forfeited review of this issue on appeal, and we review it under a plain error standard of review. To prevail under a plain error analysis, an appellant must show "(1) there was an error; (2) [the error] was plain or obvious; and (3) the error materially prejudiced a substantial right." *See United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (en banc) (quoting *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005)).

prejudicing Appellant and conclude that the sentence is not inappropriately severe.

## III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59 and 66(d), UCMJ, 10 U.S.C. §§ 859, 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court